```
UNITED STATES DISTRICT COURT                  (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
KENNETH FREDERICKS,                   :       07 Civ. 3659 (LAK)(JCF)
                                      :
             Plaintiff,               :
                                      :            REPORT AND
     - against -                      :          RECOMMENDATION
                                      :
THE CITY OF NEW YORK, CORPORATION     :
COUNSEL MICHAEL A. CARDOZO, NEW       :
YORK CITY POLICE DEPARTMENT, P.O.     :
TIMOTHY ROGERS, PRINCE WILLIAMS,      :
SGT. JORGE ENCARNACION, AND OTHERS,   :
                                      :
             Defendants.              :
- - - - - - - - - - - - - - - - - - -:
```
TO THE HONORABLE LEWIS A. KAPLAN, U.S.D.J:

Kenneth Fredericks brings this action pro se pursuant to 42 U.S.C. § 1983 and state law against defendants the City of New York, Corporation Counsel Michael A. Cardozo,[1] the New York City Police Department (the "NYPD"), NYPD Officers Timothy Rogers and Prince Williams, and NYPD Sergeant Jorge Encarnacion, alleging violations of his constitutional rights in connection with his arrest and the ensuing criminal prosecution. The plaintiff contends that (1) he was arrested for criminal trespass without probable cause, (2) his backpack was illegally searched, and (3) the arresting officers failed to administer Miranda warnings after he was taken into custody. The plaintiff seeks injunctive relief,

---

[1] Defendants read the Complaint to name the Office of Corporation Counsel and Michael A. Cardozo as separate defendants, but the more plausible reading of the Complaint is that Mr. Fredericks is suing Mr. Cardozo in his capacity as Corporation Counsel. The difference is immaterial because, as discussed below, the Office of Corporation Counsel is not a suable entity and the suit against Mr. Cardozo in his individual capacity must be dismissed.

1

$1 million in compensatory damages, and approximately $1.5 million in punitive damages. The defendants now move under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss all claims. For the reasons that follow, I recommend that the motion be granted in part and denied in part.

<u>Background</u>

On November 8, 2004, Mr. Fredericks was arrested and charged with criminal trespass in the second degree in violation of New York Penal Law ("NYPL") § 140.15 and criminal possession of stolen property in the fourth degree in violation of NYPL § 165.45(2). (Addendum to Complaint, 1st unnumbered page, ¶ 1; Arrest Report for Kenneth Fredericks ("Arrest Report"), attached as Exh. B to Declaration of Shawn Fabian dated Sept. 28, 2007 ("Fabian Decl.")). The arresting officer, Timothy Rogers, observed the plaintiff in a New York City Housing Authority ("NYCHA") building at 2140 Madison Avenue in Manhattan. (Arrest Report). The plaintiff stated that he was there visiting a friend. (Addendum to Complaint, 1st unmarked page, ¶ 14). Nevertheless, Officers Rogers, Williams, and Encarnacion arrested him for criminal trespass and seized his bookbag. (Complaint at 3; Addendum to Complaint, 1st unnumbered page, ¶¶ 1, 4). After the officers placed the plaintiff under arrest and transported him to the precinct house, they searched his bookbag and discovered a stolen credit card. (Addendum to Complaint, 1st unnumbered page, ¶ 1, 2nd unnumbered page, ¶ 8; Arrest Report; Felony Complaint dated Nov. 8, 2004, attached as Exh. C to Fabian Decl.). Mr. Fredericks was subsequently charged

with criminal possession of stolen property in addition to criminal trespass. (Addendum to Complaint, 1st unnumbered page, ¶ 1; Arrest Report).

The plaintiff was tried on both charges, and on June 24, 2005, he was convicted of possession of stolen property but acquitted of trespassing. (Addendum to Complaint, ¶ 9; Certificate of Disposition Indictment dated Aug. 31, 2007, attached as Exh. D to Fabian Decl.; Notes of the Honorable Robert Stolz ("Stolz Notes"), attached as Exh. E to Fabian Decl.). On July 12, 2005, he was sentenced as a second-time felony offender to two to four years of imprisonment. (Stolz Notes). He filed the instant complaint on March 24, 2007.

Discussion

The defendants move to dismiss on the grounds that (1) the plaintiff's conviction for possession of stolen property precludes the bringing of a false arrest claim; (2) defendants Rogers, Williams, and Encarnacion are entitled to qualified immunity; (3) the NYPD is not a suable entity; (4) the Complaint fails to state a claim for municipal liability under Section 1983; (5) no claim can be stated under Section 1983 against defendant Cardozo because he was not personally involved in the arrest or prosecution; and (6) the plaintiff's state law claims are barred because he failed to comply with Sections 50(e) and 50(i) of the New York General Municipal Law.

A. <u>Legal Standard for Dismissal</u>

In considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. <u>Erickson v. Pardus</u>, __ U.S. __, __, 127 S. Ct. 2197, 2200 (2007) (per curiam); <u>Freedom Holdings, Inc. v. Spitzer</u>, 363 F.3d 149, 151 (2d Cir. 2004). A complaint may not be dismissed for failure to state a cause of action if it provides the defendants "fair notice of what the [] claim is and the grounds upon which it rests." <u>Bell Atlantic Corp. v. Twombly</u>, __ U.S. __, __, 127 S. Ct. 1955, 1964 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). The complaint must provide factual allegations sufficient to raise a right to relief above the level of speculation; however, the allegations need not be detailed. <u>Id.</u> at __, 127 S. Ct. at 1955, 1964-65.

The liberal pleading standard applies with even greater force where a plaintiff alleges civil rights violations or is proceeding <u>pro se</u>. <u>Hernandez v. Coughlin</u>, 18 F.3d 133, 136 (2d Cir. 1994); <u>see also</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). Pleadings of a <u>pro se</u> party should be read "to raise the strongest arguments that they suggest." <u>Green v. United States</u>, 260 F.3d 78, 83 (2d Cir. 2001) (quoting <u>Graham v. Henderson</u>, 89 F.3d 75, 79 (2d Cir. 1996)). However, if a <u>pro se</u> plaintiff's complaint fails to meet the minimal pleading standard, it must be dismissed like any other deficient pleading. <u>See</u> <u>Rodriguez v. Weprin</u>, 116 F.3d 62, 65 (2d

Cir. 1997).

On a motion to dismiss, the court is generally limited to reviewing the allegations in the complaint and documents attached to it or incorporated by reference. See <u>Gryl v. Shire Pharmaceuticals Group PLC</u>, 298 F.3d 136, 140 (2d Cir. 2002). The court may also consider documents necessarily relied upon by the plaintiff in drafting the complaint. <u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147, 152-54 (2d Cir. 2002). In this case, the only documents incorporated by reference in Mr. Fredericks' complaint are those memorializing his arrest, trial, and conviction on the stolen property charge and acquittal on the trespassing charge.

B.  <u>Section 1983</u>

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." <u>Baker v. McCollan</u>, 443 U.S. 137, 145 n.3 (1979). Section 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law[.]

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege that "(1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." <u>Snider v. Dylag</u>, 188

F.3d 51, 53 (2d Cir. 1999).

    C.  <u>False Arrest Claim</u>

A claim of false arrest under Section 1983 rests on the Fourth Amendment right of an individual to be free from unreasonable seizures, including the right not to be arrested without probable cause. The elements that a plaintiff must demonstrate are "substantially the same" as the elements of a false arrest claim under New York law. <u>Posr v. Doherty</u>, 944 F.2d 91, 96 (2d Cir. 1991) (quoting <u>Raysor v. Port Authority of New York and New Jersey</u>, 768 F.2d 34, 39-40 (2d Cir. 1985); <u>see also</u> <u>Davenport v. County of Suffolk</u>, No. 99-CV-3088, 2007 WL 608125, at *4 (E.D.N.Y. Feb. 23, 2007). The plaintiff must show that: (1) he was intentionally confined; (2) he was conscious of the confinement; (3) he did not consent to the confinement; and (4) the confinement was not privileged. <u>Shain v. Ellison</u>, 273 F.3d 56, 67 (2d Cir. 2001) (citing <u>Singer v. Fulton County Sheriff</u>, 63 F.3d 110, 118 (2d Cir. 1995)).

Probable cause, however, constitutes a complete defense to a claim for false arrest. <u>See</u> <u>Fulton v. Robinson</u>, 289 F.3d 188, 195 (2d Cir. 2002) ("A § 1983 claim of false arrest based on the Fourth Amendment right to be free from unreasonable seizures may not be maintained if there was probable cause for the arrest."); <u>Bernard v. United States</u>, 25 F.3d 98, 102 (2d Cir. 1994) ("[P]robable cause . . . is a complete defense to an action for false arrest"). "[A] conviction . . . following the arrest is viewed as establishing the existence of probable cause." <u>Cameron v. Fogarty</u>, 806 F.2d 380,

387 (2d Cir. 1986); see also Maliha v. Faluotico, No. 1:04-CV-1127, 2007 WL 676677, at *5 (N.D.N.Y. Feb. 28, 2007)("[W]hen a § 1983 plaintiff has been convicted of the offense for which he was arrested, that fact has generally been accepted as conclusive evidence of the good faith and reasonableness of the officer's belief in the lawfulness of the arrest."); Broughton v. State of New York, 37 N.Y.2d 451, 458, 373 N.Y.S.2d 87, 95 (1975)("[A] conviction which survives appeal would be conclusive evidence of probable cause.").

The defendants argue that the conviction on the stolen property charge is sufficient to establish probable cause for the plaintiff's arrest. They rely principally on Jaegly v. Couch, 439 F.3d 149 (2d Cir. 2006), in which the Second Circuit held that

> a claim for false arrest turns only on whether probable cause existed to arrest a defendant, and [] it is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest. . . . We thus hold . . . that a plaintiff is not entitled to damages under § 1983 for false arrest so long as the arrest itself was supported by probable cause, regardless of whether probable cause supported any individual charge identified by the arresting officer at the time of arrest.

Id. at 154 (discussing Devenpeck v. Alford, 543 U.S. 146, 153-54 (2004)); accord Cunninham v. New York City, No. 04 Civ. 10232, 2007 WL 2743580, at *3 (S.D.N.Y. Sept. 18, 2007). Through its holding in Jaegly, "[t]he Second Circuit . . . has made clear that probable cause as to any charge at the time of arrest is sufficient to defeat a false arrest claim as a matter of law." Davenport, 2007 WL 608125, at *5 (citing Jaegly, 439 F.3d at 154).

7

Here, however, it is not clear whether there was probable cause as to any charge at the time of the arrest. The "Narrative" section of the Arrest Report filled out by Officer Rogers reads "Deft. was observed in a NYCHA Bldg. w/o authority or permission to be therein. Signs clearly posted stating 'No Trespassing.' SILA recover." (Arrest Report).[2] Though the Report then lists, in another section, charges for both trespassing and possession of stolen property, the plaintiff maintains that he was initially arrested for trespassing only. This assertion would be consistent with the Narrative text. Not withstanding the reference to "SILA," which presumably means "search incident to lawful arrest," the plaintiff claims that his bookbag was not searched until he arrived at the precinct. Only at that point, the argument goes, could the plaintiff have been charged with possessing stolen property. If, indeed, the plaintiff was initially arrested for trespassing and only later charged with possession of stolen property, his conviction on the latter charge could not be sufficient in itself to establish probable cause for the initial arrest.

In general, probable cause exists "when the arresting officer has 'knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested.'" O'Neill v. Town of Babylon, 986 F.2d 646, 650 (2d Cir. 1993) (quoting Calamia v. City of New York, 879 F.2d 1025, 1032 (2d Cir. 1989)).

---

[2] It appears that additional text in the Narrative may have been truncated in the printout provided to the Court.

In determining whether there is probable cause for an arrest, courts "must consider those facts available to the officer at the time of arrest and immediately before it." Lowth v. Town of Cheektowaga, 82 F.3d 563, 569 (2d Cir. 1996). Probable cause "may be determin[ed] as a matter of law if there is no dispute as to the pertinent events and the knowledge of the officers." Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996). In this case it would be impossible at this early stage to determine with any certainty "the pertinent events and the knowledge of the officers." Id.

Even if the plaintiff was not booked until after the search of his bookbag, as the Arrest Report would seem to indicate, he was certainly seized for Fourth Amendment purposes prior to that time and may therefore sue for false arrest under Section 1983. See Terry v. Ohio, 392 U.S. 1, 17 (1968)("[T]he Fourth Amendment governs 'seizures' of the person which do not eventuate in a trip to the station house and prosecution for crime. . . . [W]henever a police officer accosts an individual and restrains his freedom to walk away, he has 'seized' that person."). Whether Mr. Fredericks' detention prior to the discovery of the stolen property was merely a Terry stop or a full-blown arrest depends on factual considerations such as

> the amount of force used by police, the need for such force, and the extent to which the individual's freedom of movement was restrained, and in particular such factors as the number of agents involved; whether the target of the stop was suspected of being armed; the duration of the stop; and the physical treatment of the suspect, including whether or not handcuffs were used.

United States v. Perea, 986 F.2d 633, 645 (2d Cir. 1993).

9

Consequently, "[i]n a section 1983 action, it would usually be a jury's task to decide whether a detention amounted to a de facto arrest, since 'the issue of precisely when an arrest takes place is a question of fact.'" Oliveira v. Mayer, 23 F.3d 642, 645 (2d Cir. 1994)(quoting Posr v. Doherty, 944 F.2d 91, 99 (2d Cir. 1991)).  In sum, dismissal at this stage would be inappropriate, and the defendants' motion should be denied.

    D.  Qualified Immunity

The defendants argue that all claims against defendants Rogers, Williams, and Encarnacion should be dismissed on grounds of qualified immunity. "Qualified immunity shields government officials from liability for civil damages as a result of their performance of discretionary functions, and serves to protect government officials from the burdens of costly, but insubstantial, lawsuits." Lennon v. Miller, 66 F.3d 416, 420 (2d Cir. 1995) (citing Harlow v. Fitzgerald, 457 U.S. 800, 817-18 (1982)). However, government officials are protected from liability only "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow, 457 U.S. at 818. As a threshold matter, a court must determine whether the facts, when viewed in the light most favorable to the plaintiff, "show [that] the officer's conduct violated a constitutional right[.]" Saucier v. Katz, 533 U.S. 194, 201 (2001). If so, the court must then examine "whether the right was clearly established." Id. "This [latter] inquiry . . . must be undertaken in light of the specific context

10

of the case, not as a broad general proposition. . . ." Id. Even where a plaintiff's federal rights are well-defined, and the boundaries of official conduct clearly established, qualified immunity will protect a government actor so long as it was "'objectively reasonable' for him to believe that his actions were lawful at the time of the challenged act." Lennon, 66 F.3d at 420 (quoting Anderson v. Creighton, 483 U.S. 635, 641 (1987)); accord Robison v. Via, 821 F.2d 913, 921 (2d Cir. 1987). Accordingly "'a qualified immunity defense is established if (a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law.'" Tierney v. Davidson, 133 F.3d 189, 196 (2d Cir. 1998) (quoting Salim v. Proulx, 93 F.34 86, 89 (2d Cir. 1996)); accord Moore v. Vega, 371 F.3d 110, 114-15 (2d Cir. 2004). "An action is objectively reasonable if 'officers of reasonable competence could disagree' on the validity of the officer's actions." Carmody v. City of New York, No. 05 Civ. 8084, 2006 WL 3317026, at *6 (S.D.N.Y. Nov. 13, 2006)(quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)); see also Golino v. City of New Haven, 950 F.2d 864, 870 (2d Cir. 1991).

The use of Rule 12(b)(6) in immunity situations is a "delicate matter that district courts should approach carefully." Jacobs v. City of Chicago, 215 F.3d 758, 765 n.3 (7th Cir. 2000). The Second Circuit has endorsed the granting of Rule 12(b)(6) motions on qualified immunity grounds with the caveat that defendants asserting the defense on a motion to dismiss face a "formidable

11


hurdle." McKenna v. Wright, 386 F.3d 432, 434 (2d Cir. 2004). "Not only must the facts supporting the defense appear on the face of the complaint," but, "all reasonable inferences from the facts alleged must be afforded to the plaintiff, not only those that support his claim, but also those that defeat the immunity defense." Id. at 436 (internal citations omitted).

In this case, it is clearly established that the Fourth Amendment right to be free from unreasonable seizure includes the right to be free from arrest without probable cause. Murray v. Williams, No. 05 Civ. 9438, 2007 WL 430419, at *4 (S.D.N.Y. Feb. 8, 2007)(citing Jaegly, 439 F.3d at 151), and the right generally to be free from warrantless searches. See Mincey v. Arizona, 437 U.S. 385, 390 (1978) (warrantless searches are impermissible "under the Fourth Amendment -- subject only to a few specifically established and well-delineated exceptions."). Therefore, the defendant police officers are entitled to qualified immunity only if their actions were "objectively reasonable." However, the limited factual record in this case does not enable the Court to make a determination regarding the reasonableness of the officers' conduct. The plaintiff alleges that the officers lacked probable cause to arrest him for trespassing and that his backpack was searched without a warrant or probable cause. The plaintiff's version of events must be accepted as true for purposes of this motion, and these allegations are sufficient to raise question as to whether the actions of the defendants were reasonable. Because a determination as to whether the defendants' actions were "objectively reasonable"

hurdle." McKenna v. Wright, 386 F.3d 432, 434 (2d Cir. 2004). "Not only must the facts supporting the defense appear on the face of the complaint," but, "all reasonable inferences from the facts alleged must be afforded to the plaintiff, not only those that support his claim, but also those that defeat the immunity defense." Id. at 436 (internal citations omitted).

In this case, it is clearly established that the Fourth Amendment right to be free from unreasonable seizure includes the right to be free from arrest without probable cause. Murray v. Williams, No. 05 Civ. 9438, 2007 WL 430419, at *4 (S.D.N.Y. Feb. 8, 2007)(citing Jaegly, 439 F.3d at 151), and the right generally to be free from warrantless searches. See Mincey v. Arizona, 437 U.S. 385, 390 (1978) (warrantless searches are impermissible "under the Fourth Amendment -- subject only to a few specifically established and well-delineated exceptions."). Therefore, the defendant police officers are entitled to qualified immunity only if their actions were "objectively reasonable." However, the limited factual record in this case does not enable the Court to make a determination regarding the reasonableness of the officers' conduct. The plaintiff alleges that the officers lacked probable cause to arrest him for trespassing and that his backpack was searched without a warrant or probable cause. The plaintiff's version of events must be accepted as true for purposes of this motion, and these allegations are sufficient to raise question as to whether the actions of the defendants were reasonable. Because a determination as to whether the defendants' actions were "objectively reasonable"

requires the resolution of factual disputes, dismissal on qualified immunity grounds is not appropriate at this time. See Woods v. Goord, No. 01 Civ. 3255, 2002 WL 731691, at *10 (S.D.N.Y. April 23, 2002).

    D.  Claims Against the NYPD

The defendants argue that all claims against the NYPD must be dismissed because, as an organizational subdivision of the City of New York, the NYPD is not a suable entity. Under Rule 17(b) of the Federal Rules of Civil Procedure, the question of whether a municipal entity may be sued is determined by state law. Brodeur v. City of New York, No. 96 Civ. 9421, 1998 WL 557599, at *8 (S.D.N.Y. Sept. 2, 1998). The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Charter § 396. Accordingly, "it has long been held that the NYPD is not a suable entity." Mendez v. City of New York Human Resources Administration, No. 04 Civ. 0559, 2005 WL 2739276, at *3 (S.D.N.Y. Oct. 24, 2005); see also Pinckney v. New York City Police Department, Nos. 01-CV-2437, 01-CV-6515, 2005 WL 282870, at *1 n.2 (E.D.N.Y. Feb. 3, 2005); East Coast Novelty Co. v. City of New York, 781 F. Supp. 999, 1010 (S.D.N.Y. 1992). Thus, the claims against the NYPD must be dismissed.[3]

---

[3] For the same reason, any claims against the Office of Corporation Counsel -- should the plaintiff have intended to sue it as a separate entity -- must also be dismissed. See, e.g., Cincotta v. New York City Human Resources Administration, No. 00 Civ. 9064, 2001 WL 897176, at *10 (S.D.N.Y. Aug. 9, 2001).

E. Claims Against the City of New York

The defendants argue that all claims against the City of New York must be dismissed because the plaintiff seeks to hold the City liable solely on the basis of the actions of the individual defendants. It is well established that local governments cannot be held liable for the acts of their employees under the doctrine of respondeat superior. Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 691-95 (1978). Accordingly, "a single incident of unconstitutional conduct by a non-policymaking employee" of the City will generally not suffice to establish liability. Warheit v. City of New York, No. 02 Civ. 7345, 2006 WL 2381871, at *12 (S.D.N.Y. Aug. 15, 2006) (citing Davis v. City of New York, 228 F. Supp. 2d 327, 336 (S.D.N.Y. 2002)). Instead, municipalities may only be liable under Section 1983 if the violation of the plaintiff's federal rights resulted from an official policy, custom, or practice of the municipal body. City of St. Louis v. Prapotnik, 485 U.S. 112, 121-22 (1988); Monell, 436 U.S. at 694. Here, the only allegation in the Complaint that seems to implicate the City is the plaintiff's statement that he is suing the City "and whomever else is in charge of the police department when they do misconduct actions that is reckless to the lives and safety of the citizens." (Addendum to Complaint at 3rd and 4th unnumbered pages, ¶ 5). Such a statement does not allege any specific policy, custom, or practice and thus is not sufficient to state a claim for municipal liability. Consequently, the plaintiff's claims against the City must be dismissed.

F.  Claims Against Michael A. Cardozo

The defendants argue that the claims against Corporation Counsel Michael A. Cardozo must be dismissed because the plaintiff fails to allege Mr. Cardozo's personal involvement in any deprivation of the plaintiff's civil rights. Personal involvement by the defendant in any alleged constitutional violation is a prerequisite to an award of damages under Section 1983. Hernandez v. Keane, 341 F.3d 137, 144-45 (2d Cir. 2003); Blyden v. Mancusi, 186 F.3d 252, 264 (2d Cir. 1999); Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986). Personal involvement of a supervisory official in a Section 1983 violation may be shown by evidence that: (1) the official participated directly in the violation; (2) the official, after learning of the violation, failed to remedy the wrong; (3) the official created a policy or custom under which unconstitutional practices occurred; (4) the official was grossly negligent in supervising subordinates who caused the unlawful condition or event; or (5) the official exhibited deliberate indifference by failing to act on information indicating that unconstitutional acts were occurring. See Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995); Washington v. Kelly, 03 Civ. 4638, 2004 WL 830084, at *3 (S.D.N.Y. April 13, 2004).

Here, the plaintiff has failed to plead any facts that would support the imposition of liability upon Mr. Cardozo. The Complaint states that Mr. Cardozo "is a named defendant since the Corporation Counsel . . . is held responsible for the New York City

15

Police Department."[4]  (Addendum to Complaint at 3rd unnumbered page, ¶ 5).  This is an incorrect statement of fact; however, even if it were true, it would be insufficient to establish personal involvement on Mr. Cardozo's part.  Accordingly, the claims against him must be dismissed.

G. State Law Claims

Finally, the defendants seek to dismiss the plaintiff's state law claims for failure to comply with Sections §§ 50(e) and 50(I) of the New York General Municipal Law.  Under these sections, a plaintiff must serve a notice of claim prior to commencing a tort action against a municipality, its officers, agents, or employees.  N.Y. Gen. Mun. Law § 50(e),(i); see Brown v. Metropolitan Transportation Authority, 717 F. Supp. 257, 258-59 (S.D.N.Y. 1989). In addition, Section 50(i) requires that any action against the City for "personal injury, wrongful death or damage to real or personal property . . . be commenced within one year and 90 days after the happening of the event upon which the claim is based."  N.Y. Gen. Mun. Law § 50(i).  These provisions have been strictly

---

[4] The Complaint does allege that Assistant District Attorney John Beattie and District Attorney Robert Morgenthau "did not investigate the false claims of [the] police" regarding criminal trespass and that "the prosecution knew or should have known that the charges of criminal trespass against [the plaintiff] were false."  (Complaint, at 1st and 2nd unnumbered pages, ¶¶ 6-7). However, Mr. Beattie and Mr. Morgenthau are not named as defendants.  Even were they named -- or were they considered to be included in the "others" in the Complaint's caption -- they are entitled to absolute immunity as prosecutors.  See Pinaud v. County of Suffolk, 52 F.3d 1139, 1147 (2d Cir. 1995); Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994)(prosecutor absolutely immune from liability on claim that he conspired to present false evidence at trial).

construed by both state and federal courts. Bailey v. Tricolla, No. 94-CV-4597, 1996 WL 733078, at *4 (E.D.N.Y. Dec. 11, 1996). Moreover, the notice of claim requirements apply with full force when, as here, the state law claim is included as an ancillary cause of action in a federal civil rights suit. See Johns v. Town of East Hampton, 942 F. Supp. 99, 109 (E.D.N.Y. 1996) (dismissing plaintiff's pendent state claims for failure to comply with N.Y. Gen. Mun. Law § 50(e) and (i)). In this case, the plaintiff failed to file a notice of claim and filed the Complaint more than one year and ninety days after his arrest. Consequently, his claims under state law are time-barred and must be dismissed.

Conclusion

For the reasons stated above, I recommend that the defendants' motion be granted insofar as it seeks dismissal of the plaintiff's claims under state law and his claims against defendants Cardozo, the NYPD, and the City of New York. The motion should be denied in all other respects. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(e) of the Federal Rules of Civil Procedural, the parties shall have ten (10) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Lewis A. Kaplan, U.S.D.J., Room 1310, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

*[signature: James C. Francis IV]*

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         February 25, 2007

Copies mailed this date:

Kenneth Fredericks
Bellevue Men's Shelter
400-430 East 30th Street
New York, New York 10016

Shawn D. Fabian, Esq.
Assistant Corporation Counsel
100 Church Street
New York, New York  10007

18