UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
KENNETH FREDERICKS,

                Plaintiff,

    -against-                              07 Civ. 3659 (LAK)

THE CITY OF NEW YORK, et al.,

                Defendants.
------------------------------------------------x

                        **ORDER**

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/21/08
```

LEWIS A. KAPLAN, *District Judge.*

        Plaintiff claims that (1) he was arrested for criminal trespass without probable cause, and that (2) his backpack was searched illegally. Following the search, he was charged with criminal trespass in the second degree and criminal possession of stolen property, the later being property found in the backpack. He ultimately was acquitted of the trespass charge but conviction of the possession charge. He sues here for false arrest. Defendants move, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the complaint (1) as to all defendants on the ground that the conviction for possession of stolen property precludes the false arrest claim, (2) defendants Rogers, Williams and Encarnacion are entitled to qualified immunity, (3) the New York City Police Department ("NYPD") is not a suable entity, (4) the complaint fails to state a claim for municipal liability on the part of the City, (5) the complaint fails to state a claim against defendant Cardozo because he was not personally involved, (6) the state law claims are barred by plaintiff's failure to comply with Sections 50-e and 50-I of the New York General Municipal Law.

        The report and recommendation of Magistrate Judge Francis recommends that the motion be granted with respect to issues (3), (4), (5) and (6) and denied as to issues (1) and (2). Defendants object with respect to the recommendation as to issue (1). The defendants' objection is without merit.

        The allegations of the complaint are sufficient to permit proof that the arresting officers lacked probable cause to arrest plaintiff and, indeed, lacked reasonable cause even to engage in a *Terry* stop when they encountered plaintiff in the stairwell at 2140 Madison Avenue. In consequence, even if defendants are correct in arguing that the conviction for possession of stolen property foreclosed any claim for false arrest on that charge, it would not foreclose a claim for false

2

arrest and imprisonment from the point at which they initially arrested plaintiff at 2140 Madison Avenue to the point at which they charged him with criminal possession of stolen property.

Accordingly, the defendants' motion to dismiss the complaint is granted to the extent that the action is dismissed insofar as it is brought against the NYPD, the City of New York, and defendant Cardozo. It is further granted insofar as all of the state law claims are dismissed as against all defendants. The motion is denied in all other respects.

SO ORDERED.

Dated:   March 20, 2008

_____
Lewis A. Kaplan
United States District Judge